Arthur HOWARD, Petitioner,

v.

REBEL WELL SERVICE, Highlands Insurance Company, and Director, Office of Workers' Compensation, U. S. Department of Labor, Respondents.

No. 80–3068.

United States Court of Appeals, Fifth Circuit. Unit A

Dec. 19, 1980.

Henderson, Hanemann & Morris, J. Mark Graham, Houma, La., for petitioner.

Mark C. Walters, U. S. Dept. of Labor, Washington, D.C., for Director, Office of Workers' Compensation.

Robert E. Peyton, New Orleans, La., for Rebel Well & Highlands Ins. Co.

Before COLEMAN, Chief Judge, CHARLES CLARK and REAVLEY, Circuit Judges.

CHARLES CLARK, Circuit Judge:

A majority of the Benefits Review Board (Board) denied Longshoremen's and Harbor Workers' Compensation Act (Act) benefits to Arthur Howard because it concluded Howard failed to show he "clearly and regularly spent a substantial part of his time in indisputably maritime employment ....." In *Boudloche v. Howard Trucking Co., Inc.,* 632 F.2d 1346, decided today, we have rejected this test as inconsistent with the teachings of the Supreme Court in *P.C. Pfeiffer Company, Inc. v. Ford,* 444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225 (1979), and *Northeast Marine Terminal, Inc. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). We reverse and remand.

Rebel Well Service (Rebel) was principally engaged in oil well drilling and service operations. About 20 percent of its drilling rigs were mounted on navigable floating barges. Rebel also operated a yard at which it performed minor repairs on these vessels. Howard was employed by Rebel as a sandblaster and painter at this yard. Howard testified that "mostly" he worked on equipment removed from barge rigs and brought to the yard, although on one occasion he did go on board a barge to do some sandblasting. A former supervisor testified that equipment from barge rigs comprised about 10 percent of the work assigned to the sandblasting crew on which Howard worked. While Howard was sandblasting the interior of a tank which had been removed from one of Rebel's drilling barges, he experienced chest pains which form the basis of his claim for benefits.

Rebel and its carrier contend that status under section 2(3) of the Act [33 U.S.C. § 902(3)] requires that an employee "to some substantial degree and with some regularity" be assigned work concerning vessel repair by an employer who is in the business of repairing vessels. They further contend that the overall nature of an employee's activity determines status rather than his duties at the moment of injury. They conclude that Howard failed to present evidence that he performed any covered work other than that being performed at the time of his chest pains.

A majority of the Board found no evidence that Howard individually spent even 10 percent of his time working on equipment from Rebel's barge rigs. Under its "substantial–part–of–his–time" test, it therefore concluded that claimant failed to establish that he regularly spent a substantial part of his job time in indisputably maritime employment.

The Board's basis for denial of benefits to Howard was both legally and factually wrong. *Pfeiffer* defines status in terms of workers who perform "some portion" of a maritime activity such as ship repair. *Caputo* defines status in terms of workers who spend "at least some of their time" in ship repair. Neither holding requires that workers meet a "substantial" standard. *See Boudloche, supra.*

Both Howard and his former supervisor placed his job assignment within the perimeter of the proper legal standard. Rebel chose to engage in ship repair with its own employees, albeit on a small scale. Howard testified that his job assignment required that he mostly work at this ship repair task. His supervisor testified that the crew to which Howard was assigned regularly spent time at ship repair work and estimated the amount at 10 percent. Regardless of which witness's description of Howard's work is accepted, or whether they both are, Howard was engaged in maritime employment. At least some of his time was regularly spent in ship repair. Also, he was a member of a crew of workers who regularly performed some portion of the traditionally maritime task of ship repair, thus he was constantly eligible for assignment to that task.

We need not and do not base our decision on whether Howard's activity at the time of injury alone was sufficient to confer section 2(3) status. As in *Boudloche*, there was no issue about Howard's situs. He worked in a yard only a few feet from the water's edge.

The Board's affirmance of the Decision and Order of the Administrative Law Judge denying coverage for failure to satisfy the status requirement is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

**REVERSED and REMANDED.**